■ In the Matter of HERBERT C., a Person Alleged to be a Juvenile Delinquent, Appellant.— Final order of disposition of Family Court of the State of New York, New York County, entered November 22, 1971, adjudicating respondent-appellant a juvenile delinquent, unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed. Although the written charge against respondent-appellant accused him of having, from a position between two subway cars, snatched the purse of a passenger on the platform, it developed that the actual thief was one of two other persons at the same place. At most, therefore, respondent could have been an accomplice, assisting by blocking the car door, or in some other undescribed way. There was no proof, however, except of his presence at the scene, a factor wholly consistent with innocence. The case was, therefore, not proven beyond a reasonable doubt. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and McNally, JJ.

■ ARTHUR LEVIN, Appellant, v. JAMES P. WILKERSON, Respondent.— Order, Supreme Court, New York County, entered September 27, 1971, unanimously affirmed, without costs and without disbursements. In affirming denial of plaintiff-appellant's motion for partial summary judgment we concur in the result only, i.e., that there are factual issues that require a trial. We do not, however, adopt Special Term's characterization of the pleaded cause as one in negligence. Whether it sounds in negligence or nuisance must depend on development of the facts at trial. Concur — Markewich, J. P., Kupferman, Eager and Capozzoli, JJ.